# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTOREY DANYELL HARPER, Military Leader UNI Star General; MONTOREY LLC,<br><br>Plaintiffs,<br>v.<br>EXTENDED STAY AMERICA, et al.,<br><br>Defendants. | CASE NO. 17cv1053-WQH-BGS<br><br>ORDER |

HAYES, Judge:

On May 24, 2017, Plaintiff Montorey Danyell Harper initiated this action by filing a complaint (ECF No. 1) and a motion to proceed in forma pauperis. (ECF No. 2).

**I. Motion to Proceed In Forma Pauperis**

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $400.00. *See* 28 U.S.C. § 1914(a); CivLR 4.5. An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

After considering Plaintiff's motion and affidavit, the Court determines that Plaintiff cannot afford to pay the filing fee in this case and is eligible to proceed in

forma pauperis pursuant to 28 U.S.C. § 1915(a).

**II. Initial Screening of the Complaint**

A complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is also subject to mandatory review and sua sponte dismissal to the extent it "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The standard used to evaluate whether a complaint states a claim is a liberal one, particularly when the action has been filed pro se. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, even a "liberal interpretation . . . may not supply elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "[P]ro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Federal Rule of Civil Procedure 8 provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

The complaint states in part, that

> THE YELLOW CAB DROVE TO THE PLAINTIFFS ROOM THE ONE YELLOW CAB WAS AWARE OF BY THE PLAINTIFF, YELLOW BECAME AWARE ABOUT THIS CAB NUMBER 246 AND IT KNEW THAT THE CAB WAS NOT TO BE CALLED. YELLOW KNEW THIS DAYS PRIOR. THE LAWSUIT WAS ASSAULTED PHYSICALLY AND THE CALLER THE PLAINTIFF WAS ASSAULTED AS WELL, NOW IT IS CONSPIRACY THAT EXTENDED STAY WAS THE CAMPUS THAT THE DEFENDANT CHOOSE, SO IT IS FRAUD. YELLOW ALLOWED THIS CAB ON CAMPUS AT 7444 MISSION VALLEY ROAD, SAN DIEGO, CA 92108, ON 5/23/2017. THE CAB LEFT CAMPUS AFTER BEING INFORMED AND PARKED ON THE SIDE OF THE CAMPUS HOTEL, SINCE HE CHOOSE TO DO THIS RATHER THAN FOLLOW THE ORDERS OF HIS CAB COMPANY IT IS FRAUD, IT IS CONSPIRACY THAT HE DIDN'T LISTEN TO ORDERS HE WAS GIVEN. SAN DIEGO COULD HAVE PREVENTED THIS THUS HAS LIABILITY, SAN DIEGO POLICE DEPARTMENT

COULD HAVE PREVENTED THIS, THUS IT HAS LIABILITY. BOTH SAN DIEGO AND SAN DIEGO POLICE DEPARTMENT HAVE AMPLE COMPLAINTS BY THE PLAINTIFF AND A NUMBER, SO THEY KNEW. THE FBI HAS A MANY COMPLAINTS FROM THE PLAINTIFF, SO IT FRAUD, IT IS CONSPIRACY THAT YELLOW CAB KNOWS THAT THE US IS INVOLVED. IT IS FRAUD THAT THE CAB DRIVER KNOWS SAN DIEGO HAS BEEN COMPLAINED TO AND SAN DIEGO POLICE DEPARTMENT AND THE US HAS.

(ECF No. 1 at 2-3).

The Court has reviewed the allegations of the complaint and cannot determine the legal theory supporting Plaintiff's complaint. The Court concludes that the allegations of the complaint are vague and lack an arguable basis in law or fact. Plaintiff fails to allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

**IV. Conclusion**

IT IS HEREBY ORDERED that Plaintiff's motion to proceed in forma pauperis is GRANTED. (ECF No. 2).

IT IS HEREBY ORDERED that the complaint is dismissed. (ECF No. 1). The Clerk of Court is directed to close the case.

DATED: August 28, 2017

**WILLIAM Q. HAYES**
United States District Judge